IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAN CERVENKA, a/k/a HONZA | **INFORMATION**<br><br>Case No. 3:17cr161<br><br>Violation: 21 U.S.C. § 846 |

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The United States Attorney Charges:

From on or between October 1, 2016, and April 6, 2017, in the Districts of North Dakota, Minnesota, and elsewhere,

JAN CERVENKA, a/k/a HONZA,

did knowingly and intentionally combine, conspire, confederate, and agree with others, both known and unknown, to possess with intent to distribute and distribute mixtures and substances containing detectable amounts of: 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance; lysergic acid diethylamide (LSD), a Schedule I controlled substance; marijuana, a Schedule I controlled substance; psilocybin, a Schedule I controlled substance; tetrahydro-cannabinols (THC), a Schedule I controlled substance; cocaine, a Schedule II controlled substance; forty (40) grams or more containing fentanyl, a Schedule II controlled substance; and alprazolam, a Schedule V controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

2. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

3. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

4. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

5. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount

of tetrahydrocannabinols (THC), a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

6. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

7. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

8. It was a part of said conspiracy that the defendant and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of alprazolam, a Schedule V controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

9. It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

10. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities;

11. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions; and

12. It was further a part of said conspiracy that the defendant and others would and did use the United States Mail in their drug transactions;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

_____
CHRISTOPHER C. MYERS
United States Attorney

JTR:ld